HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VICTOR TIMMERMAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HSBC BANK USA, NATIONAL ASSOCIATION, et al.,<br><br>　　　　Defendants. | CASE NO. C16-9RAJ<br><br>ORDER |

## I.　INTRODUCTION

This matter comes before the Court on Defendants Northwest Trustee Services, Inc. ("NWTS"),[1] HSBC Bank, National Association as Trustee for Wells Fargo Asset Securities Mortgage Pass-Through Certificate Series 2006-AR10 ("HSBC"), and Wells Fargo Bank, N.A.'s ("Wells Fargo") motions to dismiss.  Dkt. # 7 & 13.  In response to NWTS' motion, Plaintiff Victor Timmerman brought a request for relief from deadline, which this Court granted.  *See* April 29, 2016 Docket Entry.  For reasons unknown to the Court, Plaintiff did not file a renewed opposition and neither set of Defendants filed replies.  Whatever the case, the Court now turns to the motions at hand.  For the reasons set forth below, the Court **GRANTS** the motions.  Dkt. # 7 & 13.

---

[1] Plaintiff's allegations against NWTS are odd.  He contends that NWTS is merely a "nominal party."  Sec. Compl. ¶ 8.  However, he goes on to allege several claims against them.  *See e.g., id.* ¶¶ 16-20.  Still, because Plaintiff pleads several federal claims (including against NWTS), this Court retains jurisdiction.  *See* 28 U.S.C. § 1331

ORDER – 1

## II.  BACKGROUND

Plaintiff resides at a residential property located at 14423 2nd Ave NW, Marysville, WA 98271.  *See* Sec. Compl. ¶ 4.  Plaintiff executed a promissory note and deed of trust secured by the property for a loan in the amount of $568,000 from Wells Fargo on April 7, 2006.  *Id.* ¶ 9; Dkt. # 7 Exs. 1 & 2.[2]  The promissory note provided that Plaintiff would be in default if he failed to pay the full amount of each monthly payment on the date it was due.  *See* Dkt. # 7 Ex. 1 at 4.  The deed of trust provided that the lender could appoint a successor trustee and that the promissory note and security instrument could be sold without notice.  *See* Dkt. # 7 Ex. 2 at 13-14.

On June 29, 2006, the note was deposited into the Wells Fargo Asset Securities Corporation Mortgage Pass-Through Certificates Series 2006-AR10 trust, identifying HSBC as the trustee and Wells Fargo as the master servicer.  *See* Case No. 15-1434RAJ, Dkt. # 9-2.[3]  An assignment of deed of trust in favor of HSBC was recorded with the Snohomish County Auditor on June 24, 2010.  *See* Dkt. # 13 Ex. 1 at 18.  On November 27, 2013, Wells Fargo executed a second assignment of deed of trust, assigning its interest to HSBC as trustee, which was recorded with the Snohomish County Auditor on November 27, 2013.  *See* Dkt. # 7 Ex. 3.

---

[2] NWTS and HSBC have attached several exhibits to their motions to dismiss.  *See* Dkt. # 7 & 13.  Although a court ordinarily may not consider evidence outside the complaint on a Rule 12(b)(6) motion to dismiss (*see Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001)), it may consider documents "referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned."  *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).  Consequently, in similar cases, courts have considered evidence substantially identical to the evidence NWTS has attached to its motion.  *See e.g., Haag v. PNC Bank NA*, No. C13–1746JLR, 2014 WL 1725801, at *1 n.1 (W.D. Wash. Apr. 30, 2014) (taking judicial notice of deed of trust and other documents); *Petheram v. Wells Fargo Bank*, No. C13–1016JLR, 2013 WL 4761049, at *1 n.1 (W.D. Wash. Sept. 3, 2013) (taking judicial notice of deed of trust, assignments of the deed of trust, and notices of trustee sales even though they were not attached to the complaint).  Moreover, the majority of the submitted documents (*see* Dkt. # 7 Exs. 2, 3, 4, 7, 8, 9) are public records properly subject to judicial notice (*see United States v. 14.02 Acres of Land More or Less in Fresno Cnty.*, 547 F.3d 943, 955 (9th Cir. 2008)).

[3] The Court does not condone NWTS' practice of referencing a request for judicial notice in another case.  The better practice is to file *all* such relevant and judicially noticeable documents in the pending case along with a separate request for judicial notice.

ORDER – 2

HSBC, as trustee, appointed NWTS as a successor trustee on June 10, 2010, which was recorded with the Snohomish County Auditor on June 24, 2010. *See* Dkt. # 13 Ex. 2 at 21. A second appointment of successor trustee appointing NWTS as successor trustee under the deed of trust was recorded in Snohomish County on August 27, 2014. Dkt. # 7 Ex. 4. On August 20, 2014, HSBC executed a beneficiary declaration stating its status as the actual note holder. *See* Dkt. # 7 Ex. 5.

A notice of default was issued to Plaintiff on November 5, 2014. *See id.* Ex. 6. The notice indicated that Plaintiff was in arrears in the amount of $176,852.73. *Id.* A notice of trustee's sale was recorded with the Snohomish County Auditor on January 15, 2015, setting a sale date of May 12, 2015. *See id.* Ex. 7.

That sale was apparently halted because Plaintiff filed a Chapter 13 bankruptcy petition. *See* Case No. 15-12949KAO (Bankr. W.D. Wash.), Dkt. # 1. The Bankruptcy Court dismissed the petition for inadequate filing. *See id.* Dkt. # 13. Not to be deterred, Plaintiff filed another Chapter 13 bankruptcy petition on July 16, 2015. *See* Case No. 15-14321MLB (Bankr. W.D. Wash.), Dkt. # 1. Similar to Plaintiff's first petition, his second was dismissed for inadequate filing on August 25, 2015. *Id.* Dkt. # 11.

After that, NWTS recorded an amended notice of trustee's sale with the Snohomish County Auditor on September 4, 2015, setting a foreclosure sale date for October 23, 2015. *See* Dkt. # 7 Ex. 8. The trustee's sale was completed and NWTS recorded the trustee's deed on January 8, 2016. *Id.* Ex. 9.

### III.  LEGAL STANDARD

Fed. R. Civ. P. 12(b)(6) permits a court to dismiss a complaint for failure to state a claim. The rule requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). A court "need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The plaintiff must

ORDER – 3

point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). If the plaintiff succeeds, the complaint avoids dismissal if there is "any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief. *Id.* at 563; *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A court typically cannot consider evidence beyond the four corners of the complaint, although it may rely on a document to which the complaint refers if the document is central to the party's claims and its authenticity is not in question. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). A court may also consider evidence subject to judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Where a plaintiff proceeds *pro se*, the court must construe his "complaints liberally even when evaluating it under the *Iqbal* standard." *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011) (citing *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)). "Furthermore, '[l]eave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts, and should be granted more liberally to pro se plaintiffs.'" *Id.* (quoting *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1099 (9th Cir. 2004)).

## IV. ANALYSIS

Plaintiff brings claims: (1) to quiet title (Sec. Compl. ¶¶ 16-20), (2) under the Washington Deeds of Trust Act ("DTA") (Sec. Compl. ¶¶ 21-28), (3) under the Fair Debt Collection Practices Act ("FDCPA") (Sec. Compl. ¶¶ 29-32), (4) under the Washington Consumer Protection Act ("CPA") (Sec. Compl. ¶¶ 33-38), (5) for "breach of third party contract" (Sec. Compl. ¶¶ 39-40), (6) for "injunctive relief and permanent restraint of sale" (Sec. Compl. ¶¶ 41-57), and (7) for intentional infliction of emotional distress (Sec. Compl. ¶¶ 58-61). The Court addresses each in turn.

ORDER – 4

     a. <u>Plaintiff's Quiet Title Claim</u>

     Plaintiff appears to seek – based almost entirely on unspecified and conclusory allegations – to quiet title as to the property. *See* Sec. Compl. ¶¶ 16-20. Plaintiff's quiet title claim fails. "[I]n order to quiet title, a plaintiff must allege facts showing that he has satisfied his obligations under the deed of trust." *Hummel v. Nw. Trustee Servs., Inc.*, No. C15-255RAJ, 2016 WL 3093255, at *7 (W.D. Wash. Mar. 23, 2016) (citing *Evans v. BAC Home Loans Servicing LP*, No. C10–0656 RSM, 2010 WL 5138394, at *4 (W.D. Wash. Dec. 10, 2010)). Plaintiff does not do so here. In fact, Plaintiff concedes that he was in default at the time of the foreclosure, meaning that he had not satisfied his conditions under the deed of trust. *See* Sec. Compl. ¶ 12; Dkt. # 7 Ex. 2 at 5. As a result, Plaintiff's quiet title claim must be **dismissed**.

     b. <u>Plaintiff's DTA Claim</u>

     Next, Plaintiff brings a claim under the DTA. *See* Sec. Compl. ¶¶ 21-28. Plaintiff bases his claim on three allegations: (1) HSBC was "not a beneficiary," (2) Defendants failed "to properly schedule and confirm mediation," and (3) "Defendants failed to provide the statuary [sic] notice." *See* Sec. Compl. ¶ 22, 25, 27.

     In large part, it appears that Plaintiff requests that the Court roll back the trustee sale. *See id.* at 12 (requesting order enjoining Defendants from actions pertaining to property, including trustee sale). But "[a] grantor's or beneficiary's failure to take advantage of the presale remedies under the DTA may result in waiver of their right to object to the trustee's sale." *Vawter v. Quality Loan Serv. Corp. of Wash.*, 707 F. Supp. 2d 1115, 1122 (W.D. Wash. 2010) (citing RCW § 61.24.040(1)(f)(IX); *Plein v. Lackey*, 67 P.3d 1061, 1066 (Wash. 2003)). Indeed, "[t]his statutory procedure is the *only* means by which a grantor may preclude a sale once foreclosure has begun with receipt of the notice of sale and foreclosure." *Gossen v. JPMorgan Chase Bank*, 819 F. Supp. 2d 1162, 1169 (W.D. Wash. 2011) (citing *Brown v. Household Realty Corp.*, 189 P.3d 233, 236 (Wash. Ct. App. 2008)) (emphasis added). A party waives the right to challenge a

ORDER – 5

trustee's sale after the sale has occurred "where a party (1) received notice of the right to enjoin the sale, (2) had actual or constructive knowledge of a defense to foreclosure prior to the sale, and (3) failed to bring an action to obtain a court order enjoining the sale." *Albice v. Premier Mortg. Servs. of Wash., Inc.*, 276 P.3d 1277, 1282 (Wash. 2012) (citing *Plein*, 67 P.3d at 1067).

There is little reason not to apply the waiver doctrine here. Plaintiff does not contest that he received the notice of default or the two notices of sale. *See* Dkt. # 7 Exs. 6-8. Those notices informed Plaintiff of his right to contest the sale. *See id.* Ex. 6 at 3. Ostensibly, Plaintiff had actual or constructive knowledge of his purported defenses to foreclosure prior to the sale because he brought essentially identical claims before this Court in September 2015, prior to the January 2016 trustee sale. *See* Case No. 15-1434RAJ, Dkt. # 1. Finally, there is no question that Plaintiff failed to seek an order enjoining the sale, supporting a finding of waiver. *See Plein*, 67 P.3d at 1067-68 (finding waiver where plaintiff failed to request a preliminary injunction or other order restraining the sale, even where plaintiff had filed a request for a permanent injunction and sale went forward as scheduled before the hearing).

Still, there are limited exceptions to the waiver doctrine. Specifically, the DTA "permit[s] claims for money damages after a foreclosure sale based upon (1) fraud or misrepresentation, (2) claims under RCW 19, and (3) the failure of the trustee to 'materially comply' with the provisions of the Act." *See Gossen*, 819 F. Supp. 2d at 1169 (citing RCW 61.24.127).

It is not clear how Plaintiff intends to proceed on this claim (if he intends to at all). He appears to argue that the Defendants foreclosed without authority because the beneficiary declaration issued by Wells Fargo is ambiguous. *See* Dkt. # 15 at 5. To this end, Plaintiff cites *Lyons v. U.S. Bank Nat'l Ass'n*, 336 P.3d 1142 (Wash. 2014), arguing that the language of the beneficiary declaration in the instant case mirrors the ambiguous beneficiary declaration in *Lyons*. *See id.* The Court is not convinced.

ORDER – 6

The *Lyons* court found that a beneficiary declaration was ambiguous where it was similar to that in another case, *Beaton v. JPMorgan Chase Bank N.A.*, No. C11-0872 RAJ, 2013 WL 1282225 (W.D. Wash. Mar. 26, 2013). *Lyons*, 336 P.3d at 1150-51. The beneficiary declaration in *Beaton* read "JPMorgan Chase Bank, N.A. successor in interest to Washington Mutual Bank fka Washington Mutual Bank, FA is the actual holder of the promissory note or other obligation evidencing the above-referenced loan or has requisite authority under RCW 62A.3–301 to enforce said obligation." *Id.* (quoting *Beaton*, 2013 WL 1282225 at *5). The court found the declaration ambiguous because it left open the possibility that the trustee was "a nonholder in possession or person not in possession who is entitled to enforce the provision under RCW 62A.3–301." *Id.* at 1151.

But the beneficiary declaration *here* does not contain that provision. It unequivocally states that "HSBC . . . is the actual holder of the Promissory Note or other obligation evidencing the above-referenced property." *See* Dkt. # 7 Ex. 5. There is no ambiguity with respect to whether HSBC held the note.

Plaintiff's other two bases for seeking liability under the DTA amount to conclusory allegations that the Defendants failed to comply with the provisions of the DTA. He alleges – without any factual support – that the Defendants failed to properly schedule and confirm a mediation and that the Defendants failed to provide proper statutory notice. *See* Sec. Compl. ¶¶ 26-27. Beyond being insufficiently supported, the allegations are also belied by the record. Plaintiff does not identify any deficiency in the notice of default provided to him. *See* Dkt. # 7 Ex. 6. As required,[4] that notice informed Plaintiff that he should contact a housing counselor to discuss mediation. *Id.* Furthermore, Plaintiff provides no basis for how the Defendants violated the DTA by failing to schedule a mediation. The impetus is on the *mediator* – not the parties – to

---

[4] The mediation process is explained in further detail in *Brown v. Wash. State Dep't of Commerce*, 359 P.3d 771, 773-775 (Wash. 2015). It does not appear that Plaintiff ever contacted a housing counsel to initiate the mediation process, negating his allegation that the Defendants failed to schedule a mediation. *See* Dkt. # 7 Ex. 6 at 5.

ORDER – 7

1  schedule a mediation after the matter has been referred to mediation by a qualified
2  housing counselor or attorney.  *See* RCW 61.24.163(6).

3  The long and short of it is that Plaintiff's DTA claim fails.  Plaintiff provides little
4  factual support for his allegations.  What details Plaintiff does provide are belied by the
5  record or are based on illogical legal conclusions.  For these reasons, Plaintiff's DTA
6  claim must be **dismissed**.

7  c. Plaintiff's FDCPA Claim

8  Next, Plaintiff appears to assert an FDCPA claim against the Defendants.  *See* Sec.
9  Compl. ¶¶ 29-32.  Plaintiff appears to base his FDCPA claim on 15 U.S.C. § 1692g,
10 alleging that the Defendants failed to validate the underlying debt.  *See* Sec. Compl. ¶ 30.
11 There are a number of problems with Plaintiff's claim, not least of which is the fact that
12 numerous courts in this judicial district have held that "[l]enders and servicers do not
13 meet the statutory definition of 'debt collectors' when they engage in foreclosure as they
14 are seeking to foreclose a secured interest in property, not to collect money."  *Cameron v.*
15 *Acceptance Capital Mortg. Corp.*, No. C13-1707 RSM, 2013 WL 5664706, at *4 (W.D.
16 Wash. Oct. 16, 2013) (citing *Roman v. Nw. Tr. Serv., Inc.*, No. C10-5585BHS, 2010 WL
17 5146593, at *3 (W.D. Wash. Dec. 13, 2010)).  Moreover, "the overwhelming majority of
18 courts within the Ninth Circuit have concluded that nonjudicial foreclosures do not
19 constitute debt collection under the FDCPA."  *Pratap v. Wells Fargo Bank, N.A.*, 63 F.
20 Supp. 3d 1101, 1114 (N.D. Cal. 2014) (citing *Ligon v. JP Morgan Chase Bank*, No. C 11-
21 2504 MEJ, 2011 WL 2550836, at *3 (N.D. Cal. June 27, 2011)).

22 Accordingly, the Court finds that Plaintiff's FDCPA claim necessarily fails
23 because he cannot allege that Defendants were engaging in "debt collection" for purposes
24 of the FDCPA.  As such, the Court **dismisses** Plaintiff's FDPCA claim.

25 d. Plaintiff's CPA Claim

26 Next, Plaintiff brings a claim under the CPA.  *See* Sec. Compl. ¶¶ 33-38.  "A
27 private cause of action exists under the CPA if (1) the conduct is unfair or deceptive, (2)

28 ORDER – 8

occurs in trade or commerce, (3) affects the public interest, and (4) causes injury (5) to plaintiff's business or property." *McDonald v. OneWest Bank, FSB*, 929 F. Supp. 2d 1079, 1097 (W.D. Wash. 2013) (citing *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.3d 531, 533 (Wash. 1986)).

The only fact Plaintiff alleges in support of his CPA claim is that "Defendants action in allowing the Trustee to proceed with a Trustee Sale while it was offering a loan modification constitutes an unfair and deceptive practice." Sec. Compl. ¶ 34. Otherwise, Plaintiff simply parrots the elements of a CPA claim. *See id.* ¶¶ 33-38. That is not enough to state a claim. *See Twombly*, 550 U.S. 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). Accordingly, the Court will **dismiss** Plaintiff's CPA claim.

e. Plaintiff's "Breach of Third Party Contract" Claim

Plaintiff appears to allege this claim solely against Wells Fargo. *See* Sec. Compl. ¶ 40. It is not entirely clear what Plaintiff is alleging, but he appears to contend that Wells Fargo breached the terms of its contract with the federal government regarding the Home Affordable Modification Program ("HAMP"). Of course, HAMP does not recognize "a private right of action against lenders or servicers." *See Yongbae Kim v. Bank of Am., N.A.*, No. C11-296 MJP, 2011 WL 3563325, at *3 (W.D. Wash. Aug. 11, 2011) (citing cases). Furthermore, there is simply no basis for finding that Plaintiff is a third party beneficiary to the HAMP agreement. *See Hoffman v. Bank of Am., N.A.*, No. C 10-2171 SI, 2010 WL 2635773, at *3 (N.D. Cal. June 30, 2010) (collecting cases and holding that "numerous district courts have interpreted identical HAMP agreements and have come to the conclusion that a borrower is not a third party beneficiary."). As a result, Plaintiff's third party contract claim must be **dismissed**.

ORDER – 9

f. Plaintiff's Intentional Infliction of Emotional Distress Claim

Finally,[5] Plaintiff raises an intentional infliction of emotional distress claim. *See* Sec. Compl. ¶¶ 58-61. As with Plaintiff's CPA claim, this claim merely parrots the elements for an intentional infliction of emotional distress claim. *See Vawter*, 707 F. Supp. 2d at 1128 (quoting *Kloepfel v. Bokor*, 66 P.3d 630, 632 (Wash. 2003)). The Court is inclined to dismiss Plaintiff's claim for that reason alone. Beyond that, however, Plaintiff simply cannot assert conduct that rises to the level necessary to sustain this claim. At best, Plaintiff alleges that the Defendants apparently misrepresented their right to foreclose on the property. That is not enough. *See Hummel*, 2016 WL 3093255 at *6 (citing *Bell v. F.D.I.C.*, No. C09–0150RSL, 2010 WL 113996, at *1 (W.D. Wash. Jan. 7, 2010)). As a result, the Court will **dismiss** Plaintiff's claim.

## V. CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendants' motions. Dkt. # 7 & 13. Still, the Court must consider whether to dismiss Plaintiff's claims with prejudice or permit leave to amend. After considering Plaintiff's contentions (*see* Dkt. # 15), the Court is convinced that further amendment would be futile because in large part they are premised on a factually and legally faulty line of reasoning (namely, that the beneficiary declaration is ambiguous). For that reason, Plaintiff's claims are **dismissed with prejudice**. *See Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009).

DATED this 29th day of July, 2016.

*/s/ Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

---

[5] Plaintiff pleads a standalone claim for "injunctive relief and permanent restraint of sale." *See* Sec. Compl. ¶¶ 41-56. If this claim is premised on Plaintiff's DTA claim, it fails for the reasons mentioned above. Otherwise, it fails because a request for injunctive relief by itself does not state a cause of action. *See Rosal v. First Fed. Bank of Cal.*, 671 F. Supp. 2d 1111, 1136 (N.D. Cal. 2009); *see also Kwai Ling Chan v. Chase Home Loans Inc.*, No. C12-0273JLR, 2012 WL 1252649, at *3 (W.D. Wash. Apr. 13, 2012). The Court will therefore **dismiss** those claims.

ORDER – 10